IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

STEVEN DAWAYNE WILLIS,

    Plaintiff,

v.

PORTLAND FIRE & RESCUE;
CAPTAIN BRIAN CUMMINGS;
PORTLAND POLICE BUREAU;
and OFFICER CRAIG GAULT,

    Defendants.

Case No. 3:21-cv-01883-JR

ORDER

RUSSO, Magistrate Judge.

Plaintiff, an adult in custody at the Multnomah County Inverness Jail, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to an Order entered this date, the Court granted plaintiff's Application to Proceed *In Forma Pauperis*. For the reasons set forth below, plaintiff must file an Amended Complaint and, further, the Court denies plaintiff's Motion for Appointment of Counsel.

**BACKGROUND**

Plaintiff alleges that Portland Fire and Rescue Captain Cummings and Portland Police Officer Gault communicated via email and referred to plaintiff as a suspected arsonist, which led

1 - ORDER

to plaintiff's detention. He identifies the rights infringed by these defendants' actions as "slander, defamation, harassment, 4th Amendment violation, due process right(s) violation, mental anguish, pain & suffering, 14th Amendment violation, negligence, discrimination." By way of remedy, plaintiff seeks money damages. Plaintiff also moves for appointment of counsel.

## STANDARDS

A district court must dismiss an action initiated by a prisoner seeking redress from a governmental entity or officer or employee, if the Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2) & 1915A(b). When a plaintiff is proceeding *pro se*, the court must construe the pleadings liberally and afford the plaintiff the benefit of any doubt. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Moreover, before dismissing a *pro se* civil rights complaint for failure to state a claim, the court supplies the plaintiff with a statement of the complaint's deficiencies. Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623-24 (9th Cir. 1988); Eldridge v. Block, 832 F.2d 1132, 1136 (9th Cir. 1987). A *pro se* litigant will be given leave to amend his or her complaint unless it is clear that the deficiencies of the complaint cannot be cured by amendment. Karim-Panahi, 839 F.2d at 623; Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

## DISCUSSION

**I.    Complaint**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the alleged violation was committed by a person acting under the color of state law. See West v.

Atkins, 487 U.S. 42, 48 (1988). A plaintiff must also allege that he suffered a specific injury as a result of a particular defendant's conduct and an affirmative link between the injury and the violation of his rights. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).

Plaintiff's claim that defendants Cummings and Gault falsely accused him of arson in their email communications fails to state a claim upon which relief may be granted under § 1983. The publication of false statements may well raise a state law defamation claim, but an allegation of false statements, without more, does not state a claim under § 1983, even when those statements are made under color of state law. See Paul v. Davis, 424 U.S. 693, 701-10 (1976); see also Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (claim of slander by police officer may allege tort claim in state court but is not cognizable in federal court because there is no violation of a federally protected right).

To the extent plaintiff is asserting that false statements led to his wrongful detention, his claim is barred by Heck v. Humphrey, 512 U.S. 477 (1994). A claim for damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid is not cognizable under § 1983, "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." Heck v. Humphrey, 512 U.S. 477, 487 (1994). Heck has also been applied to pretrial detainees and to claims arising out of pending charges. Alvarez-Machain v. United States, 107 F.3d 696, 700–701 (9th Cir. 1996); see also Cabrera v. City of Huntington Park, 159 F.3d 374, 380 (9th Cir. 1988) (Heck barred plaintiff's false arrest and imprisonment claims until conviction was invalidated); Smithart v. Towery, 79 F.3d 951, 952 (9th Cir. 1996) (Heck

3 - ORDER

barred plaintiff's claims that defendants lacked probable cause to arrest him and brought unfounded charges against him). However, the Supreme Court has announced that the Heck rule bars an action only if there is an existing conviction. See Wallace v. Kato, 549 U.S. 384, 393 (2007).

In Wallace, the Supreme Court held that *Heck* does not encompass the principle that "an action which would impugn an anticipated future conviction cannot be brought until that conviction occurs and is set aside." Id. Instead of requiring dismissal of civil claims filed in the shadow of an impending criminal case under Heck, the Supreme Court noted that if a plaintiff files a § 1983 false arrest claim before he is convicted, or "any other claim related to rulings that likely will be made in a pending or anticipated criminal trial, it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." Id. at 393-94. If the plaintiff is then convicted, and the stayed civil suit would impugn that conviction, Heck then requires dismissal. Id. Otherwise, the case may proceed. Id.

In addition, plaintiff does not allege facts that would establish municipal liability on the part of defendants Portland Fire & Rescue or Portland Police Bureau. See Monell, 436 U.S. at 690-91. A municipal entity is liable under § 1983 only if the plaintiff alleges his constitutional injury was caused by employees acting pursuant to the municipality's policy or custom; a municipality may not be held vicariously liable under § 1983 simply based on the allegedly unconstitutional acts of its employees. Mt. Healthy City Sch. Dist. Bd. Of Ed. v. Doyle, 429 U.S. 274, 280 (1977); Board of Cty. Comm'rs v. Brown, 520 U.S. 397, 403 (1997).

Finally, to the extent plaintiff's Complaint is construed as stating claims under state law, because the Complaint fails to state a federal claim, the Court will decline to exercise supplemental jurisdiction. See Ove v. Gwinn, 264 F.3d 817, 826 (9th Cir. 2001) ("[a] court may decline to exercise supplemental jurisdiction over related state-law claims once it has 'dismissed all claims over which it has original jurisdiction'"); Gini v. Las Vegas Metro. Police Dept., 40 F.3d 1041, 1046 (9th Cir. 1994) (when federal law claims are eliminated before trial, the court generally should decline jurisdiction over state law claims and dismiss them without prejudice).

## II.     Motion for Appointment of Counsel

Plaintiff moves for a court-appointed attorney. Generally, there is no constitutional right to counsel in a civil case. United States v. 30.64 Acres of Land, 795 F.2d 796, 801 (9th Cir. 1986). However, under 28 U.S.C. § 1915(e), this Court has discretion to request volunteer counsel for indigent parties in exceptional circumstances. Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990); Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). While this Court may request volunteer counsel in exceptional cases, it has no power to make a mandatory appointment. Mallard v. United States Dist. Ct. of Iowa, 490 U.S. 296, 301-08 (1989).

In order to determine whether exceptional circumstances exist, this Court evaluates the party's likelihood of success on the merits and the ability of the party to articulate his or her claim *pro se* in light of the complexity of the legal issues involved. Wood, 900 F.2d at 1335-36. However, "[n]either of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel under [former] section 1915(d)." Wilborn, 789 F.2d at 1331.

5 - ORDER

It is not appropriate to appoint counsel under 28 U.S.C. § 1915(e) when the Court determines a Complaint should be dismissed under 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Accordingly, the Court denies plaintiff's motion for appointment of counsel.

## **CONCLUSION**

Based on the foregoing, IT IS ORDERED that plaintiff must file an Amended Complaint, curing the deficiencies noted above, within 30 days of the date of this Order. Plaintiff is advised that failure to file an Amended Complaint, or failure to cure the deficiencies noted above, shall result in the dismissal of this proceeding.

IT IS FURTHER ORDERED that plaintiff's Motion for Appointment of Counsel (ECF No. 3) is DENIED.

IT IS SO ORDERED.

DATED this   24th   day of February 2022.

                                           /s/ Jolie A. Russo
                                           Jolie A. Russo
                                           United States Magistrate Judge